McKiNNEY, J.,
delivered the opinion of the Court.
The judgment in this case is erroneous. The facts are as follows: At the July Term, 1856, of the Circuit Court of Anderson, the defendants jointly confessed judgment for the fine and costs — as the records imports —on behalf of Solomon Disney, who had been convicted of a misdemeanor, and adjudged to pay a fine and the costs of the prosecution, in all amounting to the sum of $74 00. Following the entry of the judgment against them — which is in the usual form — there is this, additional entry, “ and that an execution, returnable to the next term of this Court, for ten dollars, issue; and that the remainder of- the judgment be stayed,, or the collection thereof, delayed eight months.”
In May, 1857, after an execution had issued for the remainder of the judgment against the defendants, they filed a petition for a writ of error eoram nobis, and for a supersedeas to have the execution quashed, on the ground, that by an express agreement made at the time of their undertaking, they were only to be liable, as sureties of Solomon Disney, for the sum of ten dollars, part of the fine and costs, and not for the whole amount; but that the clerk of the Court, in making the *600 entry on tbe minutes, by mistake, made them liable for tbe entire amount of tbe judgment.
Tbe prayer of tbe petition was granted, and at tbe return term, tbe Attorney General entered a motion to dismiss tbe petition and writ of error coram nolis; wbicb was overruled by tbe Court. Tbe Court thereupon ordered, that an issue of fact be made up and submitted to a jury, wbicb was done accordingly; and tbe jury having found tbe issue in favor of tbe defendants, tbe Court rendered judgment thereon. To reverse this judgment, tbe Attorney General appealed in error to this Court.
Tbe bill of exceptions shows, that on tbe trial of the issue, “various persons,” on behalf of tbe defendants, testified that they were present in Court at the time of tbe defendants undertaking as sureties for Solomon Disney, “'and that they understood that security was given for only ten dollars.” And on tbe other band, “various witnesses,” on behalf of tbe State, testified that they were also present at tbe time, “ and that they understood defendants to agree to secure tbe whole fine and costs; ten dollars to be paid by tbe next term of tbe Court, and execution to be stayed as to tbe remainder, for eight months.” Tbe following memorandum from tbe Judge’s rough docket, made at tbe time of defendants’ undertaking, was read as evidence by tbe defendants: “ Tbe State vs. Sol. Disney. William and Josh. Disney security for $10, to be paid next Court; stay execution as to balance eight months.”
We have set forth tbe facts of this case, in order to show bow lightly tbe verity of solemn records is esteemed in some instances, and . bow unceremoniously they are gainsaid.
*601 If the truth of the record could be impeached in the manner here attempted, it is difficult to perceive how, upon the evidence, the verdict could be supported; for certainly there is nothing in the memorandum of the Judge, or in the oral evidence, to sustain the allegation of error, in the clerk, in making up the record of the transaction.
But, upon well established principles, this is not a case of error, either in matter of fact, or in law, for which the judgment is subject to be revised or reversed, either in the . Court in which it was rendered, or in a revising Court. If the mistake really occurred, in making up the record, as alleged by the defendants, it might have been corrected by the Court, during .the term in which the judgment was rendered; for during the term the record is said to be “in the breast of the Court,” and subject to 'its control. But after the record is made up, and the term closed, it admits of no alteration, by the same Court, unless for some mistake patent upon the face of the record, or proceedings in the case: And we suppose nothing more than this is really meant by the act of 1856, ch. 70, sec. 2.
The judgment will be reversed, the petition and writ of error dismissed, and execution will issue from this Court for the remainder of the judgment.